IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES SIMONE, ) | Case No. 1:23-cv-1114 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | THOMAS M. PARKER |
| ) | |
| CITY OF CLEVELAND, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | **AND ORDER** |
| ) | |

Plaintiff James Simone has moved to remand this action to state court (ECF Doc. 8). Defendant City of Cleveland ("Cleveland") has moved to dismiss the complaint (ECF Doc. 4). Simone has also moved for leave to amend the complaint (ECF Doc. 14). The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636. ECF Doc. 16. For the reasons that follow, the motion to remand will be GRANTED. Because the court lacks subject matter jurisdiction, the pending motion to dismiss and motion for leave to amend will be DENIED without prejudice as MOOT in this proceeding.

I.     Background

On April 27, 2023, Simone filed a complaint against Cleveland in the Cuyahoga County Court of Common Pleas. ECF Doc. 1-2. He asserted three causes of action, listing them in the heading of the complaint: (i) Intentional Infliction of Emotional Distress ("IIED"); (ii) Breach of Contract, and (iii) Due Process Violation. ECF Doc. 1-2. On June 2, 2023, Cleveland removed the case to this court upon a claim of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, 1446. ECF Doc. 1. Specifically, the notice of removal stated that the complaint

asserted a § 1983 claim for a procedural due process violation. *Id.* ¶ 6. Simone now moves to remand the case to the Court of Common Pleas for Cuyahoga County pursuant to 28 U.S.C. § 1447, contending that removal was improper because the complaint asserted only state law claims. ECF Doc. 8.

## II. Applicable Law

### A. Standard of Review

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in State court of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction only over civil actions that arise under the Constitution, laws, or treaties of the United States (federal question jurisdiction), or that involve parties of diverse citizenship when the amount-in-controversy requirement is met. *See* 28 U.S.C. §§ 1331; 1332(a); *see also Caterpillar*, 482 U.S. at 392. When a plaintiff moves for remand, the defendant – as the removing party – bears the burden to establish that federal subject matter jurisdiction exists, and removal was proper. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.").

Under 28 U.S.C. § 1447(c), a case must be remanded to state court if at any time before judgment it appears that the federal court to which the case was removed lacks subject matter jurisdiction. *Am. Mar. Officers v. Marine Eng'rs Ben. Ass'n*, 503 F.3d 532, 535 (6th Cir. 2007); *see Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory[.]"). Because federal courts are courts of limited jurisdiction, "all doubts as to the existence of federal jurisdiction are resolved in favor of remand." *Laber v. United Steel, Paper & Forestry, Rubber,*

*Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 126 F. Supp. 3d 934, 940 (N.D. Ohio 2015) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)); *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) ("[D]oubts should be resolved against removal.")(citations omitted). Federal courts must "scrupulously confine" their jurisdiction, remanding "all cases in which jurisdiction is doubtful or not absolutely clear." *Ahearn*, 100 F.3d at 454; 29A Fed. Proc., L. Ed. § 69:113.

      B.      **Federal Question Jurisdiction**

Cleveland does not contend that there was original diversity jurisdiction under 28 U.S.C. § 1332, so this court's jurisdiction over this matter must be based upon federal question jurisdiction under 28 U.S.C. § 1331. Whether federal question jurisdiction exists is generally governed by the "well-pleaded complaint rule," which provides that such jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392; *Mitchell v. Lemmie*, 231 F. Supp. 2d 693, 699 (S.D. Ohio 2002) ("In determining whether a court has federal subject matter jurisdiction, the court ordinarily begins by examining the plaintiff's well-pleaded complaint.") (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). After "[e]xamining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine whether the substance of those allegations raises a federal question." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) ("[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."). This rule makes the plaintiff the master of his or her complaint. Thus, if the plaintiff chooses to assert claims solely under state law, those claims will generally not be recharacterized as a federal claim for purposes of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (citing *Metro. Life Ins. Co.*, 481 U.S. at 63).

The well-pleaded complaint rule has limited exceptions. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). First, a plaintiff cannot "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). Second, federal jurisdiction still exists vis-a-vis state law claims when federal law "wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Third, the substantial-federal-question doctrine provides an exception to the well-pleaded complaint rule "[when] the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983). Under this doctrine, federal jurisdiction exists when "a state-law claim necessarily state[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mf'g*, 545 U.S. 308, 310 (2005).

**III.    Analysis**

The crux of Cleveland's argument that removal was proper relies on its contention that the complaint asserted a federal claim under Count III: a violation of procedural due process based on Simone receiving a deficient *Loudermill*[1] hearing before his employment was terminated. ECF Doc. 10 at 3-4. Simone argues that removal was improper because his complaint asserted only state law claims; and, therefore, remand is required for lack of subject matter jurisdiction. ECF Doc. 8 at 1-4. Simone asserts that he is not pursuing any federal claims and argues that: (i) the complaint did not assert a § 1983 claim, nor any violation of the United

---

[1] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

States Constitution; and (ii) the complaint's references to *Loudermill* were meant to provide context and were not for the purpose of asserting a § 1983 claim. *Id.* at 2-3.

The parties' dispute regarding this court's subject matter jurisdiction centers on whether Simone's "due process violation" claim is purely a state law claim or if it actually raises a federal question. *See generally* ECF Docs. 8, 10. However, because the court has an independent obligation to analyze its own subject matter jurisdiction *sua sponte*, it has also considered the first two counts of the complaint and finds that Simone's claims for IIED and breach of contract are state law claims that do not implicate this court's federal question jurisdiction.[2] *See, e.g.*, *Slaughter v. Reg'l Acceptance Corp.*, No. 2:20-cv-01888, 2020 U.S. Dist. LEXIS 234729, at *8 (S.D. Ohio Dec. 14, 2020) (finding that "neither of the primary bases of subject matter jurisdiction is presented" in a claim for breach of contract); *Nelson v. Wal-Mart Stores, Inc.*, No. C2-97-956, 2002 U.S. Dist. LEXIS 23543, at *22 (S.D. Ohio Oct. 31, 2002) (district court declining to exercise jurisdiction for plaintiff's common law claim of intentional infliction of emotional distress); *Mitchell v. Lemmie*, 231 F. Supp. 2d 693, 696-97 (S.D. Ohio 2002) (remanding to state court a suit involving "state law" breach of contract and intentional infliction of emotional distress claims).

The court now turns to the heart of the matter: whether Simone's due process violation claim (Count III) implicates this court's federal question jurisdiction. On the face of the complaint, Count III does not explicitly state whether it is asserted under state due process law or under federal due process law, thereby creating ambiguity as to whether Simone brings a federal cause of action that would permit this court to exercise federal question subject matter jurisdiction under § 1331. Cleveland argues that Simone brought a *federal* due process claim, as

---

[2] The extent of which the breach of contract claim implicates *Loudermill*, is irrelevant because, as explained further below, *Loudermill* informs Ohio law.

5

evidenced by the complaint's repeated citations throughout Count III to *Loudermill*, a federal case involving a claimed violation of federal due process rights. ECF Doc. 10 at 2. In *Loudermill*, the Supreme Court addressed the issue of whether two boards of education deprived their employees, one of which was a security guard, of their constitutional due process rights by not affording them the opportunity to respond to the charges underlying their respective terminations. 470 U.S. at 535-37. The Supreme Court found for the employees and held that, before termination, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546. While Cleveland is correct that *Loudermill* was a federal case involving due process protections under the United States Constitution, that is not dispositive of the determination of whether federal subject matter jurisdiction exists.

The Sixth Circuit has directed district courts to consider the context of any federal references in pleadings in order to "fairly ascertain" whether a particular reference to "due process" was intended to invoke a federal cause of action. *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1063-64 (6th Cir. 2008) (finding removal unreasonable when based on isolated pleading references to the Fourteenth Amendment); *see also Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10-11 (1st Cir. 2004) (emphasizing the absence of any explicit reference to the United States Constitution in a complaint as a basis for denying federal subject matter jurisdiction when the complaint merely referenced "due process" and "equal protection"). When read in isolation, Count III could be interpreted to assert a federal due process claim. However, when Count III is considered in the context of the entire complaint, the issue is less clear. The court notes that: (i) the complaint contains no reference to the United States Constitution; (ii) Counts I and II assert purely state law claims; and (iii) Count III specifically does not refer to the federal constitution or any other federal law. ECF Doc. 1-2 at 3-6. It is also

6

notable that Simone, who was represented by counsel, never cited § 1983 anywhere in the complaint. *Warthman*, 549 F.3d at 1062-63 ("[T]he omission of a reference to § 1983 in a carefully drafted complaint filed by a plaintiff represented by counsel should have provided the [defendant] with notice that [the platiniff's] reference to the Due Process Clause was not intended to raise a federal cause of action.").

Moreover, the mention of *Loudermill* could support a due process claim under the Ohio Constitution. In Ohio state courts, *Loudermill* is often used as the basis for due process claims under both Ohio and federal law. "The [due process] section in the Ohio Constitution has been construed by the Ohio Supreme Court as providing substantially the same safeguards as the [F]ourteenth [A]mendment of the United States Constitution."[3] *Winfield v. Soc'y Nat. Bank*, 845 F.2d 328 (6th Cir. 1988). Because Ohio and federal law offer virtually the same due process protections, Ohio courts will look to the decisions of the United States Supreme Court to interpret Ohio's Due Process Clause. *State ex rel. Heller v. Miller*, 399 N.E.2d 66, 67 (Ohio 1980); *see, e.g.*, *State ex rel. Robinson v. Dayton*, 2012-Ohio-5800, ¶¶ 20-21, 984 N.E.2d 353, 359 (Ohio Ct. App. 2012) (citing *Loudermill* when discussing the violation of due process rights under the Ohio Constitution). Because *Loudermill* is consistently used as support for due process claims under the Ohio Constitution, citation to *Loudermill* is consistent with the assertion of a state law due process claim and does not necessarily imply a federal law claim.

Finally, Simone's motion to remand clarifies that "he is not pursuing ANY federal claims in this lawsuit." ECF Doc. 8 at 1 (emphasis in original). In special circumstances, courts have looked to a plaintiff's post-removal clarification in the face of ambiguities even though

---

[3] *Compare* U.S. Const. amend. XIV, *with* Ohio Const. Article I, Section 16; *see also Peebles v. Clement*, 63 Ohio St. 2d 314, 317, 408 N.E.2d 689, 691 (1980) ("When read in light of Article I Sections 1 and 19, Article I Section 16 of the Ohio Constitution provides substantially the same safeguards as does the Fourteenth Amendment.").

7

"plaintiff's complaint is controlling in the case of a removal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Post-removal clarification has specifically been used in assessing federal question jurisdiction. In *Fields v. D.C.*, the district court considered the plaintiff's clarification that her ambiguous due process claim was only meant to be under state law as a factor in its decision to remand. 155 F. Supp. 3d 9, 12 (D.D.C. 2016). And, while not explicitly referencing plaintiff's clarification as a factor in its remand decision, the district court in *Sobel v. Cameron* mentioned the plaintiffs' later clarification that all causes of action arose under state law. 645 F. Supp. 3d 691, 695 (W.D. Ky. 2022). Because Simone's complaint is ambiguous, this court finds it proper to consult the plaintiff's clarification in its determination of whether removal was proper. Simone's clarification – that he only intended to assert state law claims and that his citation to *Loudermill* was meant to provide context – weighs heavily in favor of remand.

      Furthermore, the court finds that none of the exceptions to the well-pleaded complaint rule could be applied to justify an exercise of federal subject matter jurisdiction in this case. First, neither party argues, nor does the record demonstrate, that Simone engaged in artful drafting. Second, Simone's due process claim under the Ohio Constitution is not preempted by federal law. *See Rossello-Gonzalez*, 398 F.3d at 12 (The United States Constitution "cannot be said to wholly preempt [a state's] grant of similar rights under its own Constitution."). Finally, for the reasons discussed above, the invocation of *Loudermill* did not necessarily implicate a federal due process claim and, therefore, does not require the resolution of a federal issue or generate a substantial federal question. *See Pipino v. Onuska*, No. 4:11CV00129, 2011 U.S. Dist. LEXIS 46130, at *15-16, 23-24 (N.D. Ohio Apr. 29, 2011) (finding that plaintiffs who relied on federal case law for their state law claims did not allege a federal question or implicate the substantial federal question doctrine).

8

Accordingly, with no federal question having been asserted in the complaint, and no exception to the well-pleaded complaint applicable, Cleveland has not carried its burden to establish that this court had original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

### IV.     Conclusion

Cleveland's position that that plaintiff's complaint *could have* pleaded a federal due process claim did not go far enough.  Cleveland bore the burden to establish a sufficient jurisdictional basis for removing this action from state court, but a review of the entire complaint does not demonstrate that Simone asserted – or intended to assert – a federal due process cause of action.  Although Cleveland correctly points out that the complaint repeatedly referenced a federal case as part of the Count III allegations, *Loudermill* is a Supreme Court case that informs both Ohio and federal constitutional claims.  Simone's two other claims are predicated on Ohio law, and Simone never cited the United States Constitution or § 1983.  Thus, read in the context of the entire complaint, and in light of Simone's post-remand clarification that he only intended to bring a due process claim under Ohio law, the court finds Simone's Count II claim is predicated only on state law.

Plaintiff's motion to remand (ECF Doc. 8) must be and hereby is GRANTED.  This case is REMANDED to the Cuyahoga County Court of Common Pleas.  Because remand is required, the court will not address the merits of the pending motion to dismiss and motion for leave to amend.  Rather, those motions are DENIED without prejudice as MOOT in this proceeding.

**IT IS SO ORDERED.**

Dated: December 7, 2023

*Thomas M. Parker*
United States Magistrate Judge